JUDGE STEIN

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   MAR 1 0 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                              :          **INDICTMENT**

      - v. -                                        :

STEVEN E. GINSBERG,                                   :          **08 CRIM 194**

               Defendant.                         :

- - - - - - - - - - - - - - - - - x

<u>COUNT ONE</u>

The Grand Jury charges:

1.    From in or about July 2003, up to and including at least in or about August 2007, in the Southern District of New York and elsewhere, STEVEN E. GINSBERG, the defendant, unlawfully, willfully, and knowingly did execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program and to obtain, by means of false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, a health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, to wit, GINSBERG submitted false and fraudulent claims for reimbursement to, and received payments as reimbursement from, health care plan providers for the cost of medical services that were never rendered.

(Title 18, United States Code, Sections 1347 and 2.)

COUNTS TWO THROUGH SEVEN

The Grand Jury further charges:

2.    On or about the dates set forth below, in the Southern District of New York and elsewhere, STEVEN E. GINSBERG, the defendant, in matters involving a health care benefit program, unlawfully, willfully and knowingly did falsify, conceal, and cover up by trick, scheme, and device a material fact, and did make materially false, fictitious, and fraudulent statements and representations, and did make and use materially false writings and documents knowing the same to contain materially false, fictitious, and fraudulent statements and entries, in connection with the delivery of and payment for health care benefits, items, and services, to wit, STEVEN E. GINSBERG, the defendant, in order to fraudulently obtain payments from 1199 SEIU National Benefit Fund ("1199"), submitted and caused to be submitted on the following approximate days to 1199, the claims listed below, which contained false and misleading representations concerning medical services purportedly rendered to 1199 beneficiaries:

| Count | Beneficiary's Initials | Approx. Date Services Purportedly Rendered | Approx. Date of Claim to 1199 | Approx. Amount of Ginsberg's Claim to 1199 |
|-------|------------------------|---------------------------------------------|-------------------------------|---------------------------------------------|
| 2 | OZ | 1/30/07 | 2/12/07 | $7,075.00 |
| 3 | BB | 1/31/07 | 2/12/07 | $7,175.00 |
| 4 | CD | 1/31/07 | 2/15/07 | $7,175.00 |

| 5 | AG | 2/1/07 | 2/15/07 | $7,150.00 |
| 6 | SA | 2/1/07 | 2/15/07 | $7,150.00 |
| 7 | MC | 2/1/07 | 2/15/07 | $7,150.00 |

(Title 18, United States Code, Sections 1035 and 2.)

FORFEITURE ALLEGATION

AS TO COUNTS ONE THROUGH SEVEN

3.    As a result of committing the offenses alleged in Counts One through Seven of this Indictment, STEVEN E. GINSBERG, the defendant, shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, constituting or derived from proceeds obtained directly or indirectly as a result of the health care fraud and false statements offenses.

Substitute Asset Provision

4.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which

3

cannot be subdivided without difficulty; it is the intent of the United States, pursuant to 28 U.S.C. § 2461, to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

      (Title 18, United States Code, Section 981,
       Title 28, United States Code, Section 2461.)


_____
FOREPERSON

_Michael J. Garcia_
MICHAEL J. GARCIA
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

STEVEN E. GINSBERG,

Defendant.

## INDICTMENT

08 Cr.

(18 U.S.C. §§ 1347, 1035, 2)

MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

_____
Foreperson.

3/10/08   Fld Ind Post 11-1-87  This case
is Assigned to Judge Stein for
All purposes

Mag Judge _____